CASE 13—EQUITY—MARCH 16, 1883.

# Utterback, &c., v. Phillips, &c.

APPEAL FROM WOODFORD CIRCUIT COURT.

1. A party claiming land which has been conveyed by her grandmother by deed of warranty is barred from recovering it if she received estate from her grandmother equal in value to the land claimed, although her claim to the land is as heir of her great grandmother.

2. The deed having been executed before the adoption of the General Statutes, the rights of the parties are governed by the Revised Statutes.

3. Under the *Revised Statutes* the warranty is available against the recovery of the land to the extent of the estate received by the claimant from the warrantor, and appellee is not compelled to suffer the loss of the land, and then resort to the breach of the warranty for his damages.

H. C. McLEOD FOR APPELLANTS.

1. The answer of appellant is, in substance, "that the said Cora Phillips received from the estate of her grandmother, Mary C. Bowles, the warrantor of the title to the land, estate and property much more in value than the value of the land claimed herein."

2. The court should have overruled the demurrer to appellants' pleading. (Mershon v. Mershon, 9 Bush, 638; Bigelow on Estoppel, 269; Bouv. Inst., 3 vol., 373; Gen. Stat., title "Lands," art. 1, sec. 18.)

D. L. THORNTON FOR APPELLEES.

1. The answer and cross-petition of Mrs. Phillips contains all the allegations necessary to sustain her claim to an undivided interest of one fifth in the Henderson moiety.

2. The appellants fail to aver that Mrs. Phillips received from the estate of Mrs. Bowles any property by gift, devise, advancement, descent, or distribution. (78 Ky., 408; Herman on Estoppel, 321; Wash. Real Prop., vol. 3, p. 90; Rev. Stat., ch. 80, secs. 17 and 18; Gen. Stat., ch. 63, sec. 18; *Ib.*, ch. 24, secs. 56 and 57.)

Utterback, &c., v. Phillips, &c.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1853 Elizabeth Evans conveyed to Elizabeth N. Bohon and Susan E. Henderson a tract of land during their natural lives, it being stipulated in the deed that, at the death of the grantees, or at the death of either of them, the shares of said decedents, or that of either of them, should go to their children forever.

In October, 1860. Mrs. Evans having died in 1859, Mrs. Henderson and her mother, Mary P. Bowles, and certain of the other children of the latter, united in a deed by which they undertook to convey to B. F. Bohon the Henderson moiety of the land, in which deed is this clause : "The said Mary P. Bowles farther covenants that she will warrant the title to the property hereby conveyed against the claim or claims of herself and of her children, and the descendants of such of her children as have died, except that she does not warrant against the children of B. F. Bohon and Elizabeth N. Bohon."

But this court, in the case of Bohon v. Bohon, 78th Ky., 408, held that the children and grandchildren of Mrs. Bowles, who was a sister of Mrs. Evans, and who died in 1871, did not, upon the death of Mrs. Henderson, the life-tenant, without children, in 1872, inherit that moiety of the land from Mrs. Bowles, but took as heirs-at-law of the grantor, Mrs. Evans.

The controversy in this case is between appellants, purchasers at a judicial sale of the land as the property of B. F. Bohon, and appellee, a grand-daughter of Mrs. Bowles, claiming, as heir of Mrs. Evans, one fifth of the Henderson moiety.   And the main question involved is, whether appellee is here barred of her right of recovery for the value of estate received from her grandmother, Mary Bowles.

Sections 17 and 18, chapter 80, Revised Statutes, are as follows:

"Sec. 17. A deed of warranty of land purporting to pass or assure a greater right or estate than the person can lawfully pass or assure, shall operate to convey or warrant so much of the right and estate as such person can lawfully convey, but shall not pass or bar the residue of the right or estate purporting to be conveyed or assured.

"Sec. 18. If the deed of such grantor warrant the estate purporting to be conveyed against him and his heirs, and any estate, real or personal, shall descend to the claimant, or come to him by devise or distribution on the side of the grantor, then he shall be barred for the value of the estate that shall so descend or come to him by descent, devise, or distribution."

According to the construction heretofore given by this court to section 18, appellee, though she claims the land as heir of Mrs. Evans, is, nevertheless, barred of recovery of the value of estate, real or personal, received from her grandmother, for the covenant of warranty applies to her as the descendant of one of the children of Mrs. Bowles. (Todd v. Todd, 18th B. M., 166; Nunnally v. White, 3d Met., 590; Lane v. Berry, 2d Duv., 283.)

But it is contended that section 18 of the Revised Statutes has been materially changed by section 18, article 1, chapter 63, General Statutes, so that while the former applies where the grantor warrants *against himself and his heirs*, the latter applies only in case of a *general warranty*, and that the warranty in the deed to B. F. Bohon being, in the meaning of the General Statutes, *special* and not *general*, appellee is not barred to any extent on that account.

Utterback, &c., v. Phillips, &c.

As before mentioned, the deed to Bohon was executed, and both Mrs. Bowles and Mrs. Henderson, the life-tenant, died previous to December 1, 1873, when the General Statutes took effect. · It is therefore not here necessary to determine whether section 18 of the General Statutes should be construed and applied in the same manner the corresponding section of the Revised Statutes, which is substantially the same as the act of 1798, has heretofore been, because in our opinion the latter should govern in this case, not having been repealed but excepted from repeal by section 3, article 1, of the act adopting the General Statutes, approved April 22, 1873, which reads as follows: "The adoption of the General Statutes, and the repeal of existing laws therein provided for, shall not affect . . . any right established, accrued, or accruing before the General Statutes takes effect, or any proceeding or act confirmed, &c."

Although upon the breach of the warranty contained in the deed, which, however, could not occur until a recovery had by appellee, Bohon, or his vendee, might have maintained an action for damages, and been recompensed for the loss of the land out of the estate of Mrs. Bowles, ·still, under the Revised Statutes, the warranty is also available against the recovery of the land by appellee to the extent of estate received by her from the warrantor, and he is not compelled to suffer a loss of the land, and then resort to the uncertain remedy for the breach.

But if the General Statutes be construed as counsel for appellee contends, and made to govern in this case, they would operate to impair the covenant of warranty, and affect the established or vested rights of Bohon or his vendee as they existed under the Revised Statutes; for appellee

would not then be rebutted from claiming the land, although she may have received from her grandmother, Mrs. Bowles, estate sufficient to make good the warranty.

In the third paragraph of the answer of appellants to the cross-petition of appellee, it is alleged that, at a sale under judgment of court, rendered in an action in which B. F. Bohon was a party defendant, they became the purchasers, and are now the owners of the land.   It was not necessary to allege appellee was a party to that action, for it does not appear she was a proper or necessary party thereto.

The covenant of warranty having, by that judicial sale, been transferred to appellants, they may, as Bohon might have done before the sale, defeat a recovery of the land by appellee upon making it appear that she has received estate of Mrs. Bowles of the value of the land.

In the sixth paragraph of the answer, as amended, it is substantially alleged that she has received from the estate of Mrs. Bowles property of much more value than the value of the land in contest.   It is not material whether the property so received descended or came to her by devise or distribution.   It is sufficient, if alleged, that the property has come to and been received by her since the death, and on the side of the warrantor in the deed.

As, therefore, the facts stated by appellants in the third and sixth paragraphs of their answer are sufficient to constitute a defense to appellee's action, the court below erred in sustaining the demurrer to these two paragraphs, and the judgment must be reversed, and cause remanded for further proceedings consistent with this opinion.